## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH SHANE CASSANO | CIVIL ACTION NO. |
| VERSUS | 23-186-BAJ-EWD |
| H&M TRUCKING CO., ET AL. | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, December 6, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH SHANE CASSANO                         CIVIL ACTION NO.

VERSUS                                       23-186-BAJ-EWD

H&M TRUCKING CO., ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand ("Motion"), filed by Joseph Cassano ("Plaintiff").[1] H&M Trucking Company ("H&M") opposes the Motion.[2] Because H&M has not established the requisite amount in controversy, it is recommended[3] that the Motion be granted, and that this matter be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

**I.   BACKGROUND**

This is a civil action involving claims for damages by Plaintiff based on the injuries he allegedly sustained on June 3, 2021 due to an accident that occurred in East Baton Rouge Parish, Louisiana (the "Accident").[4] According to Plaintiff, the Accident was caused when Defendant David Fuller ("Fuller"), who was operating a commercial tractor-trailer in the course and scope of his employment with H&M, struck Plaintiff, who was assisting Fuller in backing up the tractor-trailer.[5]

On June 3, 2022, Plaintiff filed his Petition for Damages ("Petition") in state court against Fuller and H&M, alleging that the Accident caused Plaintiff to "sustain physical injuries including

---

[1] R. Doc. 7.
[2] R. Doc. 13.
[3] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").
[4] *See* R. Doc. 1-4, p. 2, ¶¶ 1 &3 (Plaintiff's Petition for Damages).
[5] *Id.*, pp. 2-3, ¶¶ 3-6.

but not limited to a crushed sternum."[6] H&M removed this case to this Court on March 9, 2023, based on diversity subject matter jurisdiction under 28 U.S.C. § 1332.[7] Shortly thereafter, Plaintiff filed the instant Motion, contending that Defendant had failed to establish the amount in controversy requirement of 28 U.S.C. §1332.[8] Defendants oppose remand ("Opposition").[9]

## II.    LAW AND ANALYSIS

### A.    Legal Standard for Removal

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[10] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[11] The removing party has the burden of proving federal diversity jurisdiction.[12] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[13] Remand is proper if at any time the court lacks subject matter jurisdiction.[14]

### B.    H&M Has Failed to Establish that the Amount in Controversy Likely Exceeds $75,000, Exclusive of Interest and Costs

Louisiana law prohibits plaintiffs from specifying the amount of damages in their state court petitions.[15] When a plaintiff has not alleged a specific amount of damages, a removing

---

[6] R. Doc. 1-4, p. 3, ¶ 6.
[7] R. Doc. 1, ¶ 7.
[8] R. Doc. 7.
[9] R. Doc. 13.
[10] 28 U.S.C. § 1441(a).
[11] 28 U.S.C. § 1332(a)-(a)(1).
[12] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[13] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). ("Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008), quoting *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).
[14] *See* 28 U.S.C. § 1447(c).
[15] La. C.C.P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

2

defendant bears the burden of proving that the requisite amount in controversy is met.[16] The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[17] Once a removing defendant has established that the amount in controversy exceeds the federal jurisdictional amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[18]

H&M does not dispute that the amount in controversy is not facially apparent from Plaintiff's Petition.[19] Accordingly, H&M must show that the requisite amount in controversy is met by a preponderance of the evidence. H&M relies on Plaintiff's failure to stipulate that his damages do not exceed $75,000, "the traumatic nature of Plaintiff's injuries—namely a fractured sternum and a traumatic pneumothorax," and records demonstrating $19,017.92 in medical expenses and $4,230 in indemnity payments through February 10, 2023, as well as general damage awards in other cases.[20] Because H&M has not provided sufficient evidence to support that Plaintiff's claims likely exceed $75,000, exclusive of interests and costs, this case should be remanded to state court.

---

[16] *Luckett*, 171 F.3d at 298, citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).
[17] *Luckett*, 171 F.3d at 298, quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[18] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[19] *See* R. Doc. 13, p. 4 ("In the instant case, the amount in controversy is not facially apparent from Plaintiff's Petition).
[20] R. Doc. 13, p. 4. The evidence upon which H&M relies for the determination that Plaintiff had $19,017 in medical expenses is not clear. The amount conclusively shown as the "TOTAL MEDICAL PAYMENTS" is $14,791.53. *See* R. Doc. 2-4, p. 13. H&M provided no explanation or record citations to documents that support an additional $4,226.39 in medical payments, which it claims were paid. The burden is not on the Court to search through hundreds of pages of records to pull out the relevant evidence. *See, e.g., Malek v. United States*, 634 F. Supp. 3d 326, 333–34 (W.D. Tex. 2022) (in determining the merits of a motion for summary judgment, "[A] court has no duty to search the record for material fact issues or to find a party's ill-cited evidence.").

At the outset, H&M complains that Plaintiff has "hidden the ball" regarding his damages by failing to provide the necessary information and spends almost two full pages of its briefing providing a timeline of its attempts to obtain evidence of Plaintiff's treatment and injuries.[21] The burden to establish the Court's subject matter jurisdiction is on the party seeking to assert it. Here, that is H&M. According to H&M, Plaintiff filed his suit in state court on June 3, 2022, and the parties proceeded through discovery there. Ultimately, H&M received discovery responses, filed a motion to compel, and subpoenaed records from Plaintiff's employer and worker's compensation carrier. Those records were received on February 14, 2023, and H&M filed its Notice of Removal on March 9, 2023.[22] There is nothing in this timeline of events to indicate that H&M was precluded from receiving information to support amount in controversy. To the contrary, H&M relies on the information it received from Plaintiff's employer and worker's compensation carrier. It is not lack of information that requires remand here, but the fact that the evidence H&M has put forward is insufficient.

The medical records submitted show that Plaintiff reported to the emergency room on June 3, 2021 and was discharged on June 4, 2021.[23] He was diagnosed with a "very small right-sided pneumothorax" and a "mildly distracted mid sternal body fracture."[24] The last record submitted by H&M includes an office visit report, dated July 13, 2021. According to that report, Plaintiff

---

[21] R. Doc. 13, pp. 1-3.
[22] *Id.*
[23] *See* R. Doc. 2-4, p. 519. H&M is incorrect that receipt of this information triggered the "other paper" removal clock under 28 U.S.C. § 1446(b)(3). *See* R. Doc. 13, p. 4. The Fifth Circuit has provided a bright-line rule that the 30-day removal period is triggered only where jurisdiction is "unequivocally clear and certain" from the other paper. *Scott v. Office Depot, Inc.*, No. 14-791, 2015 WL 2137458, at *4 (M.D. La. May 7, 2015), citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). Courts have found that the standard for triggering removal based upon a subsequent "amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), is at least as strict as the standard for triggering the 30-day period for removal based on an initial pleading provided in § 1446(b)(1), which essentially requires a statement that the federal jurisdictional amount is met. *Scott*, 2015 WL 2137458, at *4, n.2. Here, approximately $20,000 to $25,000 in total worker's compensation payments and medical records indicating minor treatment for an injury that had largely resolved in six weeks would not trigger the removal clock.
[24] R Doc. 2-4, p. 42. A pneumothorax is a "collapsed lung." https://www.mayoclinic.org/diseases-conditions/pneumothorax/symptoms-causes/syc-20350367 (last visited 12/4/23)

was coming in for a follow up. He complained of some pain in his chest, which he rated a 3 out of 10 on the pain scale.[25] The notes indicate that Plaintiff was feeling better, but still had some chest soreness. He had not been driving and "use[d] NSAIDs in the morning."[26] Importantly, as of this visit, just six weeks after the Accident, Plaintiff was cleared to return to work without restrictions.[27] Also important is that the X Ray Report from the July 13, 2021 visit indicates "no acute infiltrate, noncalcified nodule, pneumothorax, or significant pleural fluid."[28] In other words, the pneumothorax first identified in early June 2021 had resolved. H&M also relies on evidence of $14,791.53 in total medical payments and $4,230 in total indemnity payments as of February 10, 2023,[29] but that amount is less than $20,000 and far short of the jurisdictional threshold.[30]

While a collapsed lung and fractured sternum sound, at first blush, like damages that would probably exceed $75,000 exclusive of interest and costs, that is not so in this case. It appears that Plaintiff was lucky that the Accident was not worse and that he was only experiencing minor pain that had mostly resolved within six weeks.[31] There is no information in the Petition or in the

---

[25] R. Doc. 2-4, p. 19.
[26] R. Doc. 2-4, p. 21.
[27] R. Doc. 2-4, p. 22.
[28] R. Doc. 2-4, p. 18.
[29] *See* R. Doc. 2-4, pp. 13 & 15.
[30] As noted above, H&M has not established any additional amount above the $14,791.53 that is clearly documented in the records submitted. *See* n.20, *supra*. Even if the total medical payments were $19,071.92, that would not change the analysis that the amount in controversy has not been adequately established where, as here, the only evidence presented suggests that the injury resolved and there is no evidence that future treatment is claimed.
[31] Even an allegation of permanent disability, which is not present here, standing alone, does not establish that a plaintiff's claims are likely to satisfy the amount in controversy requirement. *See Heaverlo v. Victoria's Secret Stores, LLC*, No. 07-7303, 2008 WL 425575, at *3 (E.D. La. Feb. 8, 2008) ("Although Mrs. Heaverlo alleges permanent disability, that allegation is not sufficient for the Court to retain this case. *In Palmer v. Wal–Mart Stores, Inc.,* No. Civ. A. 95–1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), the court granted plaintiff's motion to remand even when plaintiff alleged that she sustained severe and possibly permanent injuries, because her allegations were 'fairly 'vanilla'' and did not reveal the extent of her injuries. Mrs. Heaverlo's allegations are similarly commonplace. Given the accident described in the petition and the lack of evidence as to plaintiffs' likely damages, the Court finds that defendants have not satisfied their burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.").

5

evidence submitted by H&M to suggest otherwise.[32] Plaintiff's failure to stipulate that his damages do not exceed the federal jurisdictional threshold, while entitled to some consideration,[33] is not sufficient to overcome relatively low medical expenses,[34] and the fact that the evidence suggests limited treatment for injuries that have resolved.

Finally, this Court (and others) have consistently tried to dissuade parties from relying on quantum analyses to establish the amount in controversy because it is simply too difficult to ascertain the similarities between this case and any other for purposes of evaluating a likely judgment value. At best, while the cases cited by Defendants involving general damages awards of $65,000 to $75,000 for a fractured sternum and/or fracture ribs and a punctured lung[35] are indicative of what *could* be awarded to Plaintiff, these cases are not sufficient to establish that such an award is more likely than not in this case.[36] "[A] simple recitation of cases where plaintiffs have

---

[32] Although the Notice of Removal states that Plaintiff "claims damages of past, present and future medical costs; past, present and future physical pain and suffering; past, present and future mental and emotional pain, anguish and distress; and past, present and future loss of enjoyment of life," (R. Doc. 1, ¶ 11; *see also* ¶ 11(a)), the Petition does not contain these allegations.

[33] *See, e.g., Batiste v. Stryker Corp.*, No. 19-574, 2020 WL 2245845, at *4 (M.D. La. April 22, 2020), report and recommendation adopted, No. 19-574, 2020 WL 2296892 (M.D. La. May 7, 2020) ("While this Court has repeatedly held that a demand for jury trial and a lack of Article 893 allegation are insufficient alone to establish amount in controversy, they are factors to be considered.")(citation omitted). It is also worth noting that, while H&M ascribes the worst possible motive to Plaintiff's failure to stipulate, accusing him of 'hiding the ball,' it is just as possible that Plaintiff simply could not quantify his damages at that time, which is essentially what Plaintiff says. *See* R. Doc. 7-1, p. 2 ("Plaintiff was … unable to accurately quantify his damages due to lack of discovery.").

[34] Plaintiff cites *Labiche v. Legal Sec. Life Ins. Co.*, 832 F.Supp. 175 (E.D. La. Sept. 22, 1993) for the proposition that the worker's compensation insurer has the sole right to recover amounts paid to the plaintiff from the third-party tortfeasor. R. Doc. 7-1, p. 4. The Court need not reach this issue. Even assuming H&M is correct, under $15,000 in past medical expenses with no evidence or even claim of future medical expenses is insufficient to establish the jurisdictional threshold. H&M also claims the indemnity payments are only 2/3 of Plaintiff's total wages, such that the number is closer to $6,400. R. Doc. 13, p. 3. However, even adding an additional 1/3 to the indemnity payments would not change the result.

[35] R. Doc. 13, p. 4.

[36] *See Silva v. Hartford Ins. Co. of the Midwest*, No. 15-5844, 2016 WL 4501288, at *5 (E.D. La. Aug. 29, 2016) ("Overall, Defendant's argument that the amount in controversy is satisfied by citing two Louisiana state court cases with highly individualized facts different from the facts at issue here is unconvincing. Because the fact finder has discretion in determining an appropriate amount of damages based upon the facts of each individual case, monetary awards in previous cases are not sufficient to meet Defendant's burden of establishing that the amount of controversy here is greater than $75,000. The Defendant must point to facts in this case that establish that the actual amount in controversy exceeded $75,000. Moreover, the damages awards cited by Defendant are based on the entire record after trial, whereas subject matter jurisdiction determinations must only be based on the jurisdictional facts that exist at the

been awarded damages that would exceed the federal jurisdictional amount are not sufficient to establish the amount in controversy." Rather, H&M "must point to facts **in this case** that establish that the actual amount in controversy exceeded $75,000,"[37] and it has not done so.

The amount in controversy is not facially apparent from the Petition, and, despite the evidence submitted, H&M has not met its burden of proving by a preponderance of the evidence that the amount in controversy likely exceeds $75,000, exclusive of interest and costs.[38] Because this Court is required to presume that it lacks subject matter jurisdiction,[39] any doubt as the existence of subject matter jurisdiction is resolved in favor of remand.[40] Accordingly, it is recommended that the Motion be granted, and that this matter be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[41]

### III. RECOMMENDATION

The evidence submitted by H&M in this case in support of subject matter jurisdiction shows that Plaintiff has undergone only limited medical treatment for injuries that appear to have resolved in six weeks, with evidence of medical and indemnity payments totaling around $20,000. Under these facts, H&M not born its burden to establish the Court's subject matter jurisdiction, specifically that Plaintiff's claims *likely* exceed $75,000, exclusive of interest and costs.

---

time of removal. This point is especially salient when the Plaintiff's particular alleged injury cannot be broadly generalized and compared across different plaintiffs with 'similar' injuries, and when such an injury can result in widely ranging damages awards that do not always satisfy the amount in controversy requirement.").

[37] *Id.* (emphasis added).

[38] "Because Defendant[s] ha[ve] not shown by a preponderance of the evidence that the amount in controversy likely exceeds the jurisdictional amount, the Court has no need to consider whether Plaintiffs can show to a legal certainty that they will not be able to recover in excess of that amount." *Medina v. Allstate Vehicle and Property Insurance Company,* 458 F. Supp. 3d 591, 601 (W.D. Tex. May 1, 2020).

[39] *Edwards v. Jackson Hinds Comprehensive Health Center*, No. 17-972, 2018 WL 3653761 (S.D. Miss. June 11, 2018), at *1, quoting *Nixon v. Goldman Sachs Mortg. Corp.*, No. 16-597, 2016 WL 3763425, at **2–3 (N.D. Tex. July 14, 2016) (citing 28 U.S.C. §§ 1331, 1332); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[40] *Gasch*, 491 F.3d at 281-82. *See also Manguno*, 276 F.3d at 723 ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.").

[41] Plaintiff's claims in this case assert violations of state law; therefore, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

7

As doubts about the propriety of removal are resolved in favor of remand, it is **RECOMMENDED** that the Motion to Remand,[42] filed by Plaintiff Joseph Cassano, be **GRANTED,** and that this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, December 6, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[42] R. Doc. 7.